# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JACK'S MAGIC PRODUCTS, INC,

    Plaintiff,

v.                                                       CASE No. 8:22-cv-0848-WFJ-SPF

STAR BRANDS LTD, GSD
DISTRIBUTION, LLC and PRIME
COMMERCE, LLC,

    Defendants.

## GSD DISTRIBUTION, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, GSD Distribution, LLC ("GSD"), by and through undersigned counsel, hereby files this Answer to Plaintiff, Jack's Magic Products, Inc.'s ("Jack's") Amended Complaint ("Complaint") and Demand for Jury Trial (Injunctive Relief Sought), as follows:

## FIRST DEFENSE
### Answers To Numbered Paragraphs

1. GSD admits that Plaintiff's Complaint seeks damages and injunctive relief by virtue of its claims but denies that Plaintiff is entitled to such relief and further denies the acts alleged in Paragraph 1 of the Complaint.

## PARTIES

2. Upon information and belief, GSD admits Paragraph 2 of the Complaint.

3. Admitted.

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6.     GSD admits that this Court has subject matter jurisdiction over this matter by virtue of Plaintiff's asserted claims.

7.     Denied.

8.     GSD admits that Star manufactures products in the United Kingdom. GSD admits that Star has a line of environmentally-friendly, natural household cleaning and laundry products well-known by consumers across the world, which incorporate the words "The Pink Stuff" along with its house mark, Star Drops ("House Mark"), the words "The Miracle," and, sometimes, "Cleaning Paste" ("Star Drops The Pink Stuff The Miracle," "Star Drops The Pink Stuff" and "Star Drops The Pink Stuff The Miracle Cleaning Paste," collectively referred to as "Star's Marks") and that those products and others are advertised and offered for sale internationally in approximately thirty-five countries, through online retailers, and in certain brick-and-mortar stores within the United States ("Star's Products"). GSD denies that any of Star's Products are "infringing" and objects to Plaintiff's characterization of and reference to Star's Products as such. GSD denies any allegation in Paragraph 8 that is inconsistent with what is admitted herein.

9.     GSD denies that any of Star's Products are "infringing" and objects to Plaintiff's characterization of and reference to Star's Products as such. GSD avers that the language on the various packaging of Star's Products speaks for itself. GSD admits that the website referenced in Paragraph 8 can be accessed by consumers in the United States.

10.    GSD denies that Star utilizes Plaintiff's trademark improperly and/or that Plaintiff's authorization is required to utilize Star's Marks on or in connection with Star's Products. GSD avers that the referenced website speaks for itself and denies any remaining allegation in Paragraph 10.

11. Admitted.

12. GSD denies that any of Star's Products are "infringing" and objects to Plaintiff's characterization of and reference to Star's Products as such. GSD admits that Star's Products are offered for sale online, including through the referenced website.

13. GSD admits that the referenced website includes the literal element of the individual words used in Plaintiff's trademark but denies that Plaintiff's authorization was or is required for such website.

14. GSD denies that any remote discussions with Plaintiff regarding negotiations and/or settlement subject GSD to personal jurisdiction in this District. GSD further avers that Plaintiff's inclusion of, reference to, and reliance upon GSD's and Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of wrongdoing by GSD and/or Star is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408.

15. GSD admits that it engaged in discussions with Plaintiff regarding a resolution for both parties to operate their respective businesses and utilize their respective trademarks. GSD denies that those discussions were "extensive and continuous," and specifically avers that Plaintiff's delays and periods of unresponsiveness, culminating with Plaintiff's over-reaching attempt to materially change the scope of the parties' discussions and proposed agreement, caused those discussions to end. GSD denies any allegation in Paragraph 15 that is inconsistent with what is admitted herein.

16. GSD admits that GSD Distribution, LLC ("GSD") distributes in this District but denies all remaining allegations in Paragraph 16.

17. GSD admits that GSD is the exclusive distributor for Star in the United States.

18. GSD admits that it responded to a letter it received from Plaintiff, but denies that any remote discussions with Plaintiff regarding negotiations and/or settlement subject GSD to personal jurisdiction in this District. GSD further avers that Plaintiff's inclusion of, reference to, and reliance upon GSD's and Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of wrongdoing by Star or GSD is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408.

19. GSD admits that it and GSD engaged in discussions with Plaintiff regarding a resolution for the parties to operate their respective businesses and utilize their respective trademarks, that those discussions occurred primarily by email and phone, and that the parties exchanged drafts of term sheets and a license agreement. GSD denies any remaining allegation in Paragraph 19 that is not expressly admitted herein.

20. Denied. GSD further denies that GSD sells "infringing" products and/or that Star's Products are infringing.

21. Admitted.

22. GSD admits that venue is proper in this District by virtue of Plaintiff's allegations but otherwise denies those allegations and specifically denies that Plaintiff has suffered any harm in this District.

**FACTUAL BACKGROUND**

23. GSD denies that Plaintiff develops manufactures, sells and distributes products internationally. GSD admits that Plaintiff sells water-conditioning products nationally that purport to clarify, treat and reduce odors in the water found in pools, fountains, ponds and spas. GSD denies all allegations in Paragraph 23 not expressly admitted herein.

24. GSD denies that Plaintiff's product is used on surfaces as a cleaner or preventative treatment. By Plaintiff's own admission and its federal trademark registration, the product sold in connection with Plaintiff's trademark is a "water-conditioning agent, not cleaner." Upon information and belief, GSD admits that Plaintiff's product is used for pools, ponds, fountains and outdoor spas.

25. GSD denies that Plaintiff's product sold in connection with its trademark is marketed as a stain remover. GSD admits that Plaintiff sells a product marketed as a water-conditioning agent to clarify, treat and reduce odors in the water found in pools, fountains, ponds and spas. GSD denies all allegations in Paragraph 25 not expressly admitted herein.

26. GSD lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26 of the Complaint and denies on that basis.

27. Upon information and belief, GSD admits Paragraph 27.

28. GSD lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint and denies on that basis.

29. GSD lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint and denies on that basis.

30. GSD lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30 of the Complaint and denies on that basis.

31. Denied.

32. GSD lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Complaint and denies on that basis.

33. GS admits that it received a letter from Plaintiff and avers that the letter speaks for itself.

34. Admitted.

35. GSD avers that the referenced letter speaks for itself. To the extent alleged, GSD denies that it or GSD sells or distributes products that infringe upon Plaintiff's purported trademark rights.

36. GSD admits that it requested a phone call and avers that the referenced letter speaks for itself. Star denies that it offered to license Plaintiff's trademark, admits that it proposed an offer for the parties' businesses to co-exist, and denies all remaining allegations in Paragraph 36. GSD further avers that Plaintiff's inclusion of, reference to, and reliance upon the contents of GSD's and Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of wrongdoing by Star or GSD is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408.

37. GSD admits that it, along with Star, tried to engage with Plaintiff and reach an agreement allowing each party to co-exist and continue its business operations in an acceptable manner. GSD denies that the parties were still negotiating in March 2022 and denies any remaining allegation in Paragraph 37 that is inconsistent with what is expressly admitted herein.

38. GSD admits that the parties exchanged multiple term sheets and avers that, nearly each time a term sheet progressed to a draft agreement, Plaintiff attempted to materially alter terms in the agreement that had already been negotiated in the term sheet. GSD further avers that this and other unreasonable conduct by Plaintiff, along with its delays, are what caused Star and GSD's good-faith negotiations to fall through. GSD further avers that Plaintiff's inclusion of, reference to, and reliance upon GSD's and Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability

and/or imply an admission of wrongdoing by Star or GSD is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408.

39. GSD avers that Plaintiff's inclusion of, reference to, and reliance upon the contents of GSD's and Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of wrongdoing by Star or GSD is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408. GSD denies the allegations in Paragraph 39.

40. GSD avers that Plaintiff's inclusion of, reference to, and reliance upon the contents of GSD's and Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of wrongdoing by Star or GSD is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408. GSD denies the allegations in Paragraph 40.

41. GSD admits that the parties never reached an agreement regarding their respective business continuation and use of respective business names. GSD denies the second sentence in Paragraph 41 and avers that the attempted negotiations ended much earlier when Plaintiff attempted to over-reach and materially change the scope of the parties' agreement.

42. GSD admits that it distributes Star's Products in certain retail outlets throughout the United States. GSD denies all allegations in Paragraph 42 that are inconsistent with what is admitted herein, and expressly denies that any Star Products are infringing. GSD avers that Plaintiff's inclusion of, reference to, and reliance upon the contents of GSD's and Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of

wrongdoing by Star or GSD is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408.

43. Upon information and belief, GSD admits that Star filed applications for trademark registration of certain trade dress and trademarks incorporating Star's Marks. GSD denies any remaining allegations that are inconsistent with what is admitted herein.

44. Upon information and belief, GSD admits that Star filed applications for trademark registration of certain trade dress and trademarks incorporating Star's Marks. GSD denies any remaining allegations that are inconsistent with what is admitted herein.

45. GSD is without knowledge or information sufficient to admit or deny the allegations in Paragraph 45 and denies on that basis.

46. GSD admits that Star's Marks are used and promoted alongside the House Mark. GSD denies all remaining allegations in Paragraph 46 that are inconsistent with what is admitted herein.

47. Denied.

48. Denied.

49. Denied.

50. GSD denies that any packaging or advertisements for Star's Products contain the word "magic" and denies all remaining allegations in Paragraph 50.

51. GSD denies the allegations in Paragraph 51 and further avers that the "primary uses" of Jack's products relate to water-cleansing agents and swimming pool maintenance, as evidenced by Plaintiff's own admission and trademark registration.

52. GSD is without knowledge or information sufficient to admit or deny the allegations in Paragraph 52 and denies on that basis.

53. GSD is without knowledge or information sufficient to admit or deny the allegations in Paragraph 53 and denies on that basis.

54. GSD is without knowledge or information sufficient to admit or deny the allegations in Paragraph 54 and denies on that basis.

55. GSD is without knowledge or information sufficient to admit or deny the allegations in Paragraph 55 and denies on that basis.

56. GSD is without knowledge or information sufficient to admit or deny the allegations in Paragraph 56 and denies on that basis.

57. Denied.

58. GSD is without knowledge or information sufficient to admit or deny the allegations in Paragraph 58 and denies on that basis.

59. GSD is without knowledge or information sufficient to admit or deny the allegations in Paragraph 59 and denies on that basis.

60. Denied.

61. GSD denies the allegations in Paragraph 61 and denies that Plaintiff has suffered any harm for which it is entitled to relief.

62. Denied.

63. Denied. GSD further avers that Plaintiff's inclusion of, reference to, and reliance upon GSD's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of wrongdoing by GSD is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408.

64. Denied.

65. Upon information and belief, GSD admits that Plaintiff has engaged the referenced law firm. GSD is without knowledge or information sufficient to admit or deny any allegation regarding the terms of Plaintiff's engagement of such counsel or related fees for services and denies on that basis.

66. Paragraph 66 is a legal conclusion to which no response is necessary. To the extent a response is required, GSD is without knowledge or information to admit or deny the allegation in Paragraph 45 and denies on that basis.

**Count I – Federal Trademark Infringement**
**in Violation of 15 U.S.C. § 1114**

67. Paragraph 67 requires no response.

68. GSD admits that Plaintiff has the right to use its trademark in connection with the manner described in its related trademark registration and description of goods under International Class 001. GSD denies any allegation in Paragraph 68 that is inconsistent with what is admitted herein.

69. Denied.

70. GSD denies that the Star Products infringe upon any rights of Plaintiff and/or that Plaintiff's authorization, approval or consent is required in order for GSD to utilize the Star Mark or sell Star Products. GSD denies all remaining allegations in Paragraph 70.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. GSD denies that Plaintiff is entitled to any of the relief requested in Paragraph 75 and its subparts, or to any other relief.

## Count II – Federal Unfair Competition
## in Violation of 15 U.S.C. § 1125(a)

76. Paragraph 76 requires no response.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. GSD denies that Plaintiff is entitled to any of the relief requested in Paragraph 81 and its subparts, or to any other relief.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

GSD affirmatively states that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches due to Plaintiff's delay in seeking injunctive relief.

### THIRD DEFENSE

GSD affirmatively states that Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no harm or damage as a result of any act or omission of GSD.

### FOURTH DEFENSE

GSD affirmatively states that Plaintiff's claims are barred, in whole or in part, because no likelihood of confusion exists between Star's Marks and Plaintiff's trademark, or between Star's Products and the products sold in connection with Plaintiff's trademark.

### FIFTH DEFENSE

GSD affirmatively states that Plaintiff's claims for treble damages and attorneys' fees are barred or mitigates as a result of the protections afforded Star under the Constitution of the Unites States of America and the State of Florida.

**SIXTH DEFENSE**

GSD Star affirmatively states that it has not operated in bad faith or with ill-intent, as Star's Marks and Products were developed and used internationally long before GSD and/or Star had any knowledge of Plaintiff's use of its mark.

**SEVENTH DEFENSE**

GSD affirmatively states that Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to engage in interstate commerce outside a limited geographic region, which limits the scope of trademark protection to which Plaintiff's trademark is entitled.

Dated: September 22, 2022    Respectfully Submitted,

/s/ Jenna L. Harris
Jenna L. Harris (admitted *pro hac vice*)
Chris L. Vlahos (admitted *pro hac vice*)
Ritholz Levy Fields LLP
131 S. 11th Street
Nashville, TN 37206
jharris@rlfllp.com
cvlahos@rlfllp.com

Sean J. Grygiel (pro hac to be submitted)
Ritholz Levy Fields LLP
235 Park Avenue South,
Third Floor
New York, NY 10003
sgrygiel@rlfllp.com

*Lead Counsel for Star Brands LTD and GSD Distributions LLC*

and

Lloyd R. Schwed
Schwed Kahle & Kress, P.A.
2202 N. Westshore Blvd, Suite 200
Tampa, FL. 33607
lschwed@schwedpa.com

*Local Counsel for Star Brands LTD and GSD Distributions LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on **September 22, 2022,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Jenna L. Harris*
Jenna L. Harris, Esq.
BPR No. 31150

### SERVICE LIST

RICHARD E. FEE, ESQ.
KATHLEEN M. WADE, ESQ.
Fee & Jeffries, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008 (Phone)
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com

***Counsel for Plaintiff***

**Via CM/ECF**