# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JACK'S MAGIC PRODUCTS, INC,

    Plaintiff,

v.                                          CASE No. 8:22-cv-0848-WFJ-SPF

STAR BRANDS LTD, GSD
DISTRIBUTION, LLC and PRIME
COMMERCE, LLC,

    Defendants.

___

## PRIME COMMERCE, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Prime Commerce, LLC ("Prime Commerce"), by and through undersigned counsel, hereby files this Answer to Plaintiff, Jack's Magic Products, Inc.'s ("Jack's Magic") Amended Complaint and Demand for Jury Trial (Injunctive Relief Sought), as follows:

## FIRST DEFENSE
### Answers To Numbered Paragraphs

1.    Prime Commerce admits that Plaintiff's Amended Complaint seeks damages and injunctive relief by virtue of its claims but denies that Plaintiff is entitled to such relief and further denies the acts alleged in Paragraph 1 of the Amended Complaint.

## PARTIES

2.    Upon information and belief, Prime Commerce admits Paragraph 2 of the Amended Complaint.

3.    Admitted.

4.    Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. Prime Commerce admits that this Court has subject matter jurisdiction over this matter by virtue of Plaintiff's asserted claims.

7. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of the Amended Complaint and denies on that basis.

8. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Amended Complaint and denies on that basis.

9. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Amended Complaint and denies on that basis.

10. Prime Commerce denies that Plaintiff's authorization is required to utilize Star's Marks on or in connection with Star's Products. Prime avers that the referenced website speaks for itself and denies any remaining allegation in Paragraph 10.

11. Admitted.

12. Prime Commerce denies that any of Star's Products are "infringing" and objects to Plaintiff's characterization of and reference to Star's Products as such. Prime admits that Star's Products are offered for sale online, including through the referenced website.

13. Prime Commerce denies that Plaintiff's authorization is required to utilize Star's Marks on or in connection with Star's Products. Prime avers that the referenced website speaks for itself and denies any remaining allegation in Paragraph 13.

14. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Amended Complaint and denies on that basis.

15. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Amended Complaint and denies on that basis.

16. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Amended Complaint and denies on that basis.

17. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Amended Complaint and denies on that basis.

18. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Amended Complaint and denies on that basis.

19. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Amended Complaint and denies on that basis.

20. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Amended Complaint and denies on that basis.

21. Admitted.

22. Prime Commerce admits that venue is proper in this District by virtue of Plaintiff's allegations but otherwise denies those allegations and specifically denies that Plaintiff has suffered any harm in this District.

**FACTUAL BACKGROUND**

23. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Amended Complaint and denies on that basis.

24. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Amended Complaint and denies on that basis.

25. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25 of the Amended Complaint and denies on that basis.

26. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26 of the Amended Complaint and denies on that basis.

27. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 27 of the Amended Complaint and denies on that basis.

28. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Amended Complaint and denies on that basis.

29. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Amended Complaint and denies on that basis.

30. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30 of the Amended Complaint and denies on that basis.

31. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31 of the Amended Complaint and denies on that basis.

32. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Amended Complaint and denies on that basis.

33. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Amended Complaint and denies on that basis.

34. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 34 of the Amended Complaint and denies on that basis.

35. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35 of the Amended Complaint and denies on that basis.

36. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36 of the Amended Complaint and denies on that basis.

37. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Amended Complaint and denies on that basis.

38. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Amended Complaint and denies on that basis.

39. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of the Amended Complaint and denies on that basis.

40. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 40 of the Amended Complaint and denies on that basis.

41. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of the Amended Complaint and denies on that basis.

42. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 42 of the Amended Complaint and denies on that basis.

43. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 43 of the Amended Complaint and denies on that basis.

44. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 44 of the Amended Complaint and denies on that basis.

45. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 45 of the Amended Complaint and denies on that basis.

46. Prime Commerce denies that any Star Products infringe upon the rights of Plaintiff. Prime Commerce admits that the labels of Star Products utilize the House Mark in connection with Star's Mark. Prime Commerce denies all remaining allegations in Paragraph 46.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 52 of the Amended Complaint and denies on that basis.

53. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 53 of the Amended Complaint and denies on that basis.

54. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54 of the Amended Complaint and denies on that basis.

55. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 55 of the Amended Complaint and denies on that basis.

56. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 56 of the Amended Complaint and denies on that basis.

57. Denied.

58. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 58 of the Amended Complaint and denies on that basis.

59. Prime Commerce lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 59 of the Amended Complaint and denies on that basis.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Upon information and belief, Prime Commerce admits that Plaintiff has engaged the referenced law firm. Prime Commerce is without knowledge or information sufficient to admit or deny any allegation regarding the terms of Plaintiff's engagement of such counsel or related fees for services and denies on that basis.

66. Paragraph 66 is a legal conclusion to which no response is necessary. To the extent a response is required, Prime Commerce is without knowledge or information to admit or deny the allegations in Paragraph 66 and denies on that basis.

**Count I – Federal Trademark Infringement
in Violation of 15 U.S.C. § 1114**

67. Paragraph 67 requires no response.

68. Prime Commerce admits that Plaintiff has the right to use its trademark in connection with the manner described in its related trademark registration and description of goods under International Class 001. Prime Commerce denies any allegation in Paragraph 68 that is inconsistent with what is admitted herein.

69. Denied.

70. Prime Commerce denies that the Star Products infringe upon any rights of Plaintiff and/or that Plaintiff's authorization, approval or consent is required in order for Prime Commerce to utilize the Star Mark or distribute Star Products. Prime Commerce denies all remaining allegations in Paragraph 70.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Prime Commerce denies that Plaintiff is entitled to any of the relief requested in Paragraph 75 and its subparts, or to any other relief.

## Count II – Federal Unfair Competition in Violation of 15 U.S.C. § 1125(a)

76. Paragraph 76 requires no response.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Prime Commerce denies that Plaintiff is entitled to any of the relief requested in Paragraph 81 and its subparts, or to any other relief.

## **AFFIRMATIVE DEFENSES**

### SECOND DEFENSE

Prime Commerce affirmatively states that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches due to Plaintiff's delay in seeking injunctive relief.

### THIRD DEFENSE

Prime Commerce affirmatively states that Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no harm or damage as a result of any act or omission of Prime Commerce.

### FOURTH DEFENSE

Prime Commerce affirmatively states that Plaintiff's claims are barred, in whole or in part, because no likelihood of confusion exists between Star's Mark and Plaintiff's trademark, or between Star's Products and the products sold in connection with Plaintiff's trademark.

**FIFTH DEFENSE**

Prime Commerce affirmatively states that Plaintiff's claims for treble damages and attorneys' fees are barred or mitigates as a result of the protections afforded Prime Commerce under the Constitution of the Unites States of America and the State of Florida.

**SIXTH DEFENSE**

Prime Commerce affirmatively states that it has not operated in bad faith or with ill-intent, as Star's Mark and Products were developed and used internationally long before Prime Commerce and/or Star had any knowledge of Plaintiff's use of its mark.

**SEVENTH DEFENSE**

Prime Commerce affirmatively states that Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to engage in interstate commerce outside a limited geographic region, which limits the scope of trademark protection to which Plaintiff's trademark is entitled.

Dated: **September 22, 2022**	Respectfully Submitted,

*/s/ Jenna L. Harris*
Jenna L. Harris (admitted *pro hac vice*)
Chris L. Vlahos (admitted *pro hac vice*)
Ritholz Levy Fields LLP
131 S. 11th Street
Nashville, TN 37206
jharris@rlfllp.com
cvlahos@rlfllp.com

Sean J. Grygiel (pro hac to be submitted)
Ritholz Levy Fields LLP
235 Park Avenue South,
Third Floor
New York, NY 10003
sgrygiel@rlfllp.com

*Lead Counsel for Star Brands LTD and GSD Distributions LLC*

and

Lloyd R. Schwed
Schwed Kahle & Kress, P.A.
2202 N. Westshore Blvd, Suite 200
Tampa, FL. 33607
lschwed@schwedpa.com

*Local Counsel for Star Brands LTD and GSD Distributions LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on **September 22, 2022,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Jenna L. Harris*
Jenna L. Harris, Esq.
BPR No. 31150

## SERVICE LIST

RICHARD E. FEE, ESQ.
KATHLEEN M. WADE, ESQ.
Fee & Jeffries, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008 (Phone)
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com

*Counsel for Plaintiff*

**Via CM/ECF**