UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACK'S MAGIC PRODUCTS, INC,

    Plaintiff,

v.                                                                CASE No. 8:22-cv-0848-WFJ-SPF

STAR BRANDS LTD, GSD
DISTRIBUTION, LLC and PRIME
COMMERCE, LLC,

    Defendants.

_____

## STAR BRANDS LTD.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Star Brands Ltd. ("Star"), by and through undersigned counsel, hereby files this Answer to Plaintiff, Jack's Magic Products, Inc.'s ("Jack's") Amended Complaint and Demand for Jury Trial (Injunctive Relief Sought), as follows:

### FIRST DEFENSE
### Answers To Numbered Paragraphs

1.    Star admits that Plaintiff's Amended Complaint seeks damages and injunctive relief by virtue of its claims but denies that Plaintiff is entitled to such relief and further denies the acts alleged in Paragraph 1 of the Amended Complaint.

### PARTIES

2.    Upon information and belief, Star admits Paragraph 2 of the Amended Complaint.

3.    Admitted.

4.    Admitted.

5.    Admitted.

**JURISDICTION AND VENUE**

6. Star admits that this Court has subject matter jurisdiction over this matter by virtue of Plaintiff's asserted claims.

7. Denied.

8. Star admits that it manufactures products in the United Kingdom. Star admits that it has a line of environmentally-friendly, natural household cleaning and laundry products well-known by consumers across the world, which incorporate the words "The Pink Stuff" along with its house mark, Star Drops ("House Mark"), the words "The Miracle," and, sometimes, "Cleaning Paste" ("Star Drops The Pink Stuff The Miracle," "Star Drops The Pink Stuff" and "Star Drops The Pink Stuff The Miracle Cleaning Paste," collectively referred to as "Star's Marks") and that those products and others are advertised and offered for sale internationally in approximately thirty-five countries, through online retailers, and in certain brick-and-mortar stores within the United States ("Star's Products"). Star denies that any of Star's Products are "infringing" and objects to Plaintiff's characterization of and reference to Star's Products as such. Star denies any allegation in Paragraph 8 that is inconsistent with what is admitted herein.

9. Star denies that any of Star's Products are "infringing" and objects to Plaintiff's characterization of and reference to Star's Products as such. Star avers that the language on the various packaging of Star's Products speaks for itself. Star admits that the website referenced in Paragraph 9 can be accessed by consumers in the United States.

10. Star denies that it utilizes Plaintiff's trademark improperly and/or that Plaintiff's authorization is required to utilize Star's Marks on or in connection with Star's Products. Star avers that the referenced website speaks for itself and denies any remaining allegation in Paragraph 10.

11. Admitted.

12. Star denies that any of Star's Products are "infringing" and objects to Plaintiff's characterization of and reference to Star's Products as such. Star admits that it offers Star's Products for sale online, including through the referenced website.

13. Star admits that the referenced website includes the literal element of the individual words used in Plaintiff's trademark but denies that Plaintiff's authorization was or is required for such website.

14. Star admits that it responded to a letter it received from Plaintiff, but denies that any remote discussions with Plaintiff regarding negotiations and/or settlement subject Star to personal jurisdiction in this District. Star further avers that Plaintiff's inclusion of, reference to, and reliance upon Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of wrongdoing by Star is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408.

15. Star admits that it engaged in discussions with Plaintiff regarding a resolution for the parties to operate their respective businesses and utilize their respective trademarks. Star denies that those discussions were "extensive and continuous," and specifically avers that Plaintiff's delays and periods of unresponsiveness, culminating with Plaintiff's over-reaching attempt to materially change the scope of the parties' discussions and proposed terms, caused those discussions to end. Star denies any allegation in Paragraph 15 that is inconsistent with what is admitted herein.

16. Star admits that GSD Distribution, LLC ("GSD") distributes in this District but denies all remaining allegations in Paragraph 16.

17. Star admits that GSD is the exclusive distributor for Star in the United States.

18. Star admits that it responded to a letter it received from Plaintiff, but denies that any remote discussions with Plaintiff regarding negotiations and/or settlement subject GSD to personal jurisdiction in this District. Star further avers that Plaintiff's inclusion of, reference to, and reliance upon GSD's and Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of wrongdoing by Star or GSD is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408.

19. Star admits that it and GSD engaged in discussions with Plaintiff regarding a resolution for the parties to operate their respective businesses and utilize their respective trademarks, that those discussions occurred primarily by email and phone, and that the parties exchanged drafts of term sheets and a license agreement. Star denies any remaining allegation in Paragraph 19 that is not expressly admitted herein.

20. Star denies the first sentence of Paragraph 20. Star further denies that GSD sells "infringing" products and/or that Star's Products are infringing. Star admits that the referenced website can be accessed in the United States.

21. Admitted.

22. Star admits that venue is proper in this District by virtue of Plaintiff's allegations but otherwise denies those allegations and specifically denies that Plaintiff has suffered any harm in this District.

## FACTUAL BACKGROUND

23. Star denies that Plaintiff develops manufactures, sells and distributes products internationally. Star admits that Plaintiff sells water-conditioning products nationally that purport

to clarify, treat and reduce odors in the water found in pools, fountains, ponds and spas. Star denies all allegations in Paragraph 23 not expressly admitted herein.

24. Star denies that Plaintiff's product is used on surfaces as a cleaner or preventative treatment. By Plaintiff's own admission and its federal trademark registration, the product sold in connection with Plaintiff's trademark is a "water-conditioning agent, not cleaner." Upon information and belief, Star admits that Plaintiff's product is used for pools, ponds, fountains and outdoor spas.

25. Star denies that Plaintiff's product sold in connection with its trademark is marketed as a stain remover. Star admits that Plaintiff sells a product marketed as a water-conditioning agent to clarify, treat and reduce odors in the water found in pools, fountains, ponds and spas. Star denies all allegations in Paragraph 25 not expressly admitted herein.

26. Star lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26 of the Complaint and denies on that basis.

27. Upon information and belief, Star admits Paragraph 27.

28. Star lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint and denies on that basis.

29. Star lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint and denies on that basis.

30. Denied.

31. Denied.

32. Denied. Jack's Magic, through Nadia Beane, admitted in 2021 being familiar with Star and its international operations and wide success for many years. Star specifically denies that Star Products compete with products of Jack's Magic.

33. Star admits that it received a letter from Plaintiff and avers that the letter speaks for itself.

34. Admitted.

35. Star avers that the referenced letter speaks for itself. To the extent alleged, Star denies that it or GSD sells or distributes products that infringe upon Plaintiff's purported trademark rights.

36. Star admits that it requested a phone call and avers that the referenced letter speaks for itself. Star denies that it offered to license Plaintiff's trademark, admits that it proposed an offer for the parties' businesses to co-exist, and denies all remaining allegations in Paragraph 36. Star further avers that Plaintiff's inclusion of, reference to, and reliance upon the contents of GSD's and Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of wrongdoing by Star or GSD is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408.

37. Star admits that it, along with GSD, tried to engage with Plaintiff and reach an agreement allowing each party to co-exist and continue its business operations in an acceptable manner. Star denies that the parties were still negotiating in March 2022 and denies any remaining allegation in Paragraph 37 that is inconsistent with what is expressly admitted herein.

38. Star admits that the parties exchanged multiple term sheets and avers that, nearly each time a term sheet progressed to a draft agreement, Plaintiff attempted to materially alter terms in the agreement that had already been negotiated in the term sheet. Star further avers that this and other unreasonable conduct by Plaintiff, along with its delays, are what caused Star and GSD's good-faith negotiations to fall through. Star further avers that Plaintiff's inclusion of, reference to,

and reliance upon GSD's and Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of wrongdoing by Star or GSD is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408.

39. Star avers that Plaintiff's inclusion of, reference to, and reliance upon the contents of GSD's and Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of wrongdoing by Star or GSD is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408. Star denies the allegations in Paragraph 39.

40. Star avers that Plaintiff's inclusion of, reference to, and reliance upon the contents of GSD's and Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of wrongdoing by Star or GSD is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408. Star denies the allegations in Paragraph 40.

41. Star admits that the parties never reached an agreement regarding their respective business continuation and use of respective business names. Star denies the second sentence in Paragraph 41 and avers that the attempted negotiations ended much earlier when Plaintiff attempted to over-reach and materially change the scope of the parties' agreement.

42. Star admits that it sells its products in certain retail outlets throughout the United States. Star denies all allegations in Paragraph 42 that are inconsistent with what is admitted herein, and expressly denies that any Star Products are infringing. Star avers that Plaintiff's inclusion of, reference to, and reliance upon the contents of GSD's and Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support

Plaintiff's theory on liability and/or imply an admission of wrongdoing by Star or GSD is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408.

43. Star admits that it filed applications for trademark registration of certain trade dress and trademarks incorporating Star's Marks but denies all remaining allegations in Paragraph 43 that are inconsistent with what is admitted herein.

44. Star admits that it filed an application for trademark registration incorporating Star's Mark but denies all remaining allegations in Paragraph 44 that are inconsistent with what is admitted herein.

45. Star admits that Star's Marks are used and promoted alongside the House Mark. Star denies all remaining allegations in Paragraph 45.

46. Star denies that it sells products that infringe upon any rights of Plaintiff and objects to Plaintiff's characterization of its products. Star admits that Star's Marks are used and promoted alongside the House Mark. Star denies all remaining allegations in Paragraph 46 that are inconsistent with what is admitted herein.

47. Denied.

48. Denied.

49. Denied. Star has never utilized the word "magic" in connection with the advertisement of Star's Products.

50. Star denies that any packaging or advertisements for Star's Products contain the word "magic" and denies all remaining allegations in Paragraph 50.

51. Star denies the allegations in Paragraph 51 and further avers that the "primary uses" of Jack's products relate to water-cleansing agents and swimming pool maintenance, as evidenced by Plaintiff's own admission and trademark registration.

52. Star admits that Star's Product and brand are directed toward and advertised as household cleaners, which can be used both indoors and outdoors. Star denies all remaining allegations in Paragraph 52 that are inconsistent with what is admitted herein.

53. Star admits that Star's Product and brand are directed toward and advertised as household cleaners, which can be used both indoors and outdoors, but denies that this is a recent development. Star denies all remaining allegations in Paragraph 53 that are inconsistent with what is admitted herein.

54. Star admits that its products have been used and promoted for use on rust since at least 2006 and denies that this use or any advertisement of the word "rust" is recent. Star denies that Jack's has "long promoted" its water-cleaning solution specifically as a rust stain remover. Star denies all remaining allegations of Paragraph 54.

55. Star admits that its products have been used and promoted for use on rust since at least 2006 and denies that this use or any advertisement of the word "rust" is recent. Star denies all remaining allegations of Paragraph 55.

56. Star denies that Star Products are infringing any rights of Plaintiff and denies that it has promoted Star's brand and Products intentionally as a competitor of Jack's. To the contrary, Star does not view Jack's as a competitor in light of the manner of Jack's use of its trademark and the types of use protected under and identified in its trademark registration. Star further denies that consumers' responses to a poll regarding Star's Products reflects or even correlates with Star's intent to promote Jack's as a competitor.

57. Star denies Plaintiff's improper and limited characterization of both the content of and intent behind the advertisement and promotion of Star's Products, and expressly denies that

any reasonable consumer would be confused as to the source of Star's Products or Jack's products. Star denies all remaining allegations in Paragraph 57.

58. Star admits that it has supported third-party social media, including interacting with its consumers. Star denies all remaining allegations in Paragraph 58 that are inconsistent with what is admitted herein.

59. Denied. Star avers that its brand recognition and success is due to many years of international use and promotion of Star's Products as originating from Star, word-of-mouth recommendations from consumers, and quality products. Jack's, on the other hand, does not appear to have engaged in any social media promotion and, specifically, the single social media page it maintains has not mentioned Jack's Magic The Pink Stuff since at least 2010.

60. Denied.

61. Star denies the allegations in Paragraph 61 and denies that Plaintiff has suffered any harm for which it is entitled to relief.

62. Denied

63. Denied. Star further avers that Plaintiff's inclusion of, reference to, and reliance upon Star's good-faith attempts to resolve its differences with Plaintiff prior to litigation as a means to either establish jurisdiction, support Plaintiff's theory on liability and/or imply an admission of wrongdoing by Star is improper, misguided, and otherwise expressly prohibited by Federal Rule of Evidence 408.

64. Denied.

65. Upon information and belief, Star admits that Plaintiff has engaged the referenced law firm. Star is without knowledge or information sufficient to admit or deny any allegation

regarding the terms of Plaintiff's engagement of such counsel or related fees for services and denies on that basis.

66. Paragraph 66 is a legal conclusion to which no response is necessary. To the extent a response is required, Star is without knowledge or information to admit or deny the allegation in Paragraph 66 and denies on that basis.

**Count I – Federal Trademark Infringement
in Violation of 15 U.S.C. § 1114**

67. Paragraph 67 requires no response.

68. Star admits that Plaintiff has the right to use its trademark in connection with the manner described in its related trademark registration and description of goods under International Class 001. Star denies any allegation in Paragraph 68 that is inconsistent with what is admitted herein.

69. Denied.

70. Star denies that the Star Products infringe upon any rights of Plaintiff and/or that Plaintiff's authorization, approval or consent is required in order for Star to utilize the Star Mark or sell Star Products. Star denies all remaining allegations in Paragraph 70.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Star denies that Plaintiff is entitled to any of the relief requested in Paragraph 75 and its subparts, or to any other relief.

## Count II – Federal Unfair Competition
## in Violation of 15 U.S.C. § 1125(a)

76. Paragraph 76 requires no response.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Star denies that Plaintiff is entitled to any of the relief requested in Paragraph 81 and its subparts, or to any other relief.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

Star affirmatively states that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches due to Plaintiff's delay in seeking injunctive relief.

### THIRD DEFENSE

Star affirmatively states that Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no harm or damage as a result of any act or omission of Star.

### FOURTH DEFENSE

Star affirmatively states that Plaintiff's claims are barred, in whole or in part, because no likelihood of confusion exists between Star's Marks and Plaintiff's trademark, or between Star's Products and the products sold in connection with Plaintiff's trademark.

### FIFTH DEFENSE

Star affirmatively states that Plaintiff's claims for treble damages and attorneys' fees are barred or mitigates as a result of the protections afforded Star under the Constitution of the Unites States of America and the State of Florida.

## SIXTH DEFENSE

Star affirmatively states that it has not operated in bad faith or with ill-intent, as Star's Marks and Products were developed and used internationally long before GSD and/or Star had any knowledge of Plaintiff's use of its mark.

## SEVENTH DEFENSE

Star affirmatively states that Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to engage in interstate commerce outside a limited geographic region, which limits the scope of trademark protection to which Plaintiff's trademark is entitled.

Dated: **September 22, 2022**          Respectfully Submitted,

/s/ Jenna L. Harris
Jenna L. Harris (admitted *pro hac vice*)
Chris L. Vlahos (admitted *pro hac vice*)
Ritholz Levy Fields LLP
131 S. 11th Street
Nashville, TN 37206
jharris@rlfllp.com
cvlahos@rlfllp.com

Sean J. Grygiel (pro hac to be submitted)
Ritholz Levy Fields LLP
235 Park Avenue South,
Third Floor
New York, NY 10003
sgrygiel@rlfllp.com

*Lead Counsel for Star Brands LTD and GSD Distributions LLC*

and

Lloyd R. Schwed
Schwed Kahle & Kress, P.A.
2202 N. Westshore Blvd, Suite 200
Tampa, FL. 33607
lschwed@schwedpa.com

*Local Counsel for Star Brands LTD and GSD Distributions LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on **September 22, 2022,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   */s/ Jenna L. Harris*
Jenna L. Harris, Esq.
BPR No. 31150

## SERVICE LIST

RICHARD E. FEE, ESQ.
KATHLEEN M. WADE, ESQ.
Fee & Jeffries, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008 (Phone)
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com

*Counsel for Plaintiff*

**Via CM/ECF**